[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 14, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10617
Non-Argument Calendar

_____

D. C. Docket No. 05-00005-CR-FTM-33-SPC-0

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE LUIS GUTIERREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 14, 2006)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Jorge Luis Gutierrez appeals his 80-month sentence, imposed after he pled guilty to conspiracy to possess with intent to distribute more than 1000 marijuana plants, 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(vii), and possession with intent to distribute more than 1000 marijuana plants, 21 U.S.C. § 841(a)(1), (b)(1)(A)(vii). On appeal, Gutierrez argues that he is entitled to a minor-role reduction under U.S.S.G. § 3B1.2(b) because he was a minor participant in the conspiracy and he was less culpable than the average participant. We affirm.

The parties are familiar with the background facts, and we do not recount them here. "This Court has long and repeatedly held that a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The Guidelines permit a court to decrease a defendant's offense level by two levels if it finds that the defendant was a "minor participant" in the criminal activity. U.S.S.G § 3B1.2(b). A defendant is a minor participant if he is less culpable than most other participants, but his role cannot be described as minimal. U.S.S.G. § 3B1.2 cmt. n.5.

In determining whether a mitigating-role reduction is warranted, a district court "should be informed by two principles discerned from the Guidelines: first, the defendant's role in the relevant conduct for which [he] has been held

2

accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." *De Varon*, 175 F.3d at 940. "Only if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable—not a minor role in any larger criminal conspiracy—should the district court grant a downward adjustment for minor role in the offense." *Id.* at 944. Furthermore, "[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of [the] role in the offense, since it is possible that none are minor . . . participants." *Id.* The proponent of the reduction bears the burden of proving the mitigating role in the offense by a preponderance of the evidence. *Id.* at 939. We have held, however, that the allegations of defense counsel at sentencing "are an insufficient basis upon which to grant a downward departure." *United States v. Kapelushnik*, 306 F.3d 1090, 1095 (11th Cir. 2002).

After carefully reviewing the record, the sentencing transcript, and the parties' briefs, we conclude Gutierrez has failed to carry his burden on this issue. Gutierrez's conduct involved the cultivation and care of well over 10,000 marijuana plants. Other than the allegations made by his counsel at sentencing, he failed to proffer any evidence indicating that his responsibilities at the grow houses were less vital to the enterprise than those of his co-conspirators, or that he was not

3

acting in equal relationship to the average co-conspirator at the grow houses. We accordingly hold the district court did not clearly err in finding Gutierrez failed to establish he played a minor role in the offense, and we affirm his 80-month sentence.

**AFFIRMED.**